I do want to remind both counsel that you do have two minutes at the beginning of your argument, which will be uninterrupted, and after those two minutes are done, you should expect to be prepared for questions from the court. With that said, Ms. Feinberg, we're prepared to hear your argument. Good afternoon, Your Honors, and may it please the Court. Amy Feinberg for the Appellant, Bechler, P.C. I'd like to reserve three minutes for rebuttal. The key question in this case is whether the filing deadline in Tax Code Section 6330.d.1 is jurisdictional. If it is not, then there is a presumption that it is subject to equitable tolling, and nothing in that section overcomes that presumption. This Court should remand to the Tax Court to determine whether tolling is appropriate here. Whether the filing deadline is jurisdictional is a question of first impression in this circuit. This Court's decision in Hottman considered whether a supplemental notice of deficiency stripped the Tax Court of jurisdiction, but the question presented here was not briefed or argued, and the Court's one-sentence reference to the filing deadline was not part of its considered holding. The Supreme Court has been clear. A filing deadline is not jurisdictional unless Congress has made a clear statement to the contrary. Jurisdictional deadlines are harsh. Individuals could lose their day in court through no fault of their own, and there is a risk of wasted judicial resources. So Congress must do something special beyond setting an exception-free deadline to mark the deadline jurisdictional. The language of the deadline, the grant of jurisdiction and the parenthetical phrase, and the Tax Court shall have jurisdiction with respect to such matter, is not clearly conditioned on the filing deadline. That is precisely what the D.C. Circuit held in Myers, which addressed identical language in another tax provision. The key question is what such matter refers to. The D.C. Circuit explained that it is most naturally identified by the subject matter of the appeal. For Section 6330d1, that subject matter is in the prior subsection. Subsection c addresses matters considered during the administrative process. That process results in a notice of determination, and the taxpayer can petition the Tax Court to reconsider such matter described in the notice. Even if you could read such matter to include the deadline, it's not clear, and Congress knows how to make it clear. It did so in the Innocent Spouse Provision's Code Section 6015. The amicus quotes that section on page 11. It says the Tax Court shall have jurisdiction if such petition is filed by certain time deadlines set forth in the Romanets which follow. To get that same result here, you have to take a jurisdictional grant that is separated from the rest of the provision by parentheses and introduced by the word and, and read it to include a time deadline that is separated from the rest of the sentence by commas. That falls far short of the clear statement that the Supreme Court requires. Now, although the two circuits have addressed this question before, this Court is likely aware that those circuits reached opposite conclusions. The Ninth Circuit in Duggan held that the section is jurisdictional, whereas the D.C. Circuit held in Myers that the 7623b-4 about whistleblower awards is not jurisdictional. Now, the Irwin presumption should also apply here. Tolling helps alleviate some of the incredibly severe implications of a strict deadline. It's still only available, however, in rare appropriate circumstances that alleviates the circumstances where individuals may have no access to a court system or no reasonable access. Some examples in the tax situation may include imprisoned taxpayers who had no idea that their clock was running at all or taxpayers who the government told the wrong filing deadline to, including by formal letter. And the tax court is exactly the sort of court for which equitable tolling would be appropriate, particularly under the collection due process statute. Unlike the scheme in Auburn, the tax court is the sort of forum where laymen, unassisted by trained lawyers, frequently initiate the process rather than any sort of sophisticated or repeat player represented by counsel. In fact, more than half of all collection due process petitions filed with the tax court are filed by taxpayers who are not represented by counsel. Tax court procedure generally supports this idea. So I just have a requirement to assist... Sure. Counsel, I'd like to go back to sort of where you started, which was our case in Hoptman. And I understand your point that it didn't address this issue exactly like it's presented here. But when you read it, not only does our court say directly that there are two prerequisites to the tax court's exercise of jurisdiction and then lays those out one, two, it follows up and sort of doubles down saying Hoptman does not contest that both of these conditions were satisfied here. So while again, I appreciate the distinction, I'm just not sure. I'd like to hear a little bit more from you about how we could really classify that as true dicta that we would not have to follow here in this case. Of course, Your Honor. And I think that the key language there is actually the part where you referenced that it says that neither the taxpayer nor the government contested that those requirements were met, because it seems that both the taxpayer and the government in that case agreed that it was jurisdictional. The question wasn't briefed and it wasn't related to what the court actually needed to hold, which was whether jurisdiction was taken away by a supplemental notice. So the panel was tasked with addressing that question and not specific to the filing deadline. And the thing is that this is a pretty complex technical issue. We know, for example, that several courts have gone either way. And so it would be surprising for a panel of this court to have waded into it without the benefit of briefing, and particularly to do so without commenting at all on the text or the Supreme Court precedent. Given when Hoffman was decided, it seems like if they had intended to make a statement about whether or not the filing deadline was jurisdictional through the courts considered holding, then it likely would have made further statements given how much precedent the Supreme Court had about whether filing deadlines were jurisdictional at that time. Generally speaking, when you're talking about jurisdictional provisions, most of the time when the Supreme Court has found that something is not jurisdictional, it's because it's silent. I mean, that's generally the case they get. Probably 90% or more of the cases deal with that. Here we have a statute, and I understand your argument that might refer to something else, that actually includes the word jurisdiction. To me, that's the clearest indication that this is jurisdictional. I'm trying to take it as simply as I can. And we can kind of work our way around it. But I guess I haven't heard a good argument as to why we should read jurisdictional as not meaning jurisdictional. Your Honor, the Supreme Court has told us that proximity to the word jurisdiction is not enough to make it jurisdictional. And in fact, the Myers Court considers this. And so I think the question is, is the word jurisdiction, the word jurisdiction is clearly referring to such matter. And so I think that brings us back to what is such matter in the case. If it's at all ambiguous that such matter is referring to both the notice of determination, the subject matter, and the filing deadline, then this court should say that there was not a clear statement. Because as Myers points out, the Supreme Court has been incredibly explicit that it takes a very clear statement to qualify for this clear statement rule. It's not enough that the word jurisdiction appears. But the problem I'm having with your argument is, I think you made the point that it refers to a determination made under another statute. But the problem I have is the statute itself refers to such determination, and then it refers in the parenthetical to such matter. And to me, that indicates that you might be right about such determination, but such matter may refer to both. It may refer to the underlying determination, and it might refer to the time limit as well. Why is that wrong? Your Honor, I think that brings us back to the argument about what appears prior to Section 6330D. So subsections A, B, and C of Section 6330 are all about what happens during the administrative process. And so when it refers to such matter, it's referring back to subsection C, which addresses matters considered during the administrative process. That section is actually called matters considered at hearing. And so such determination is referring to the determination as a result of the administrative process, whereas such matter is broader and refers to all of the matters in that subsection that comes immediately before the ability to petition the tax court. Because this section doesn't just describe the ability to petition the tax court, it describes everything about what happens during a collection due process proceeding, which means it begins with what the IRS can do and what happens in your hearing before the government, because you have to exhaust your remedies, and then tells you what you can do before the tax court. So although you can't appeal to the tax court until you have a notice of determination, the matters considered at the hearing before the government can also be considered in the petition before the tax court. But it says such matter. It doesn't say such matters. I mean, that's the problem I'm having with your argument. If it was in the plural, maybe that would have some weight, but here is such determination and such matter. And so that is an awfully odd way to refer to what happened prior to the case that we have. You know, of course, and I would say that it's not completely clear what such matter refers to, but I think that that supports the argument that this is ambiguous, particularly because if you turn your attention to the innocent spouse provisions, which are subsection 6015, you'll see that when Congress intends something to be jurisdictional, it's very clear. In that section, it uses the phrase, it shall have jurisdiction if such petition is filed, and then immediately following is a list of Romanets, all of which include filing deadlines. And so there, it's very clear that if such petition is filed, or rather jurisdiction if such petition is filed, is modifying all of those timelines. Where here, it seems much more ambiguous, which I think is why the DC Circuit in Meijer said that although you could say that such matter could be read to mean specifically the filing deadline, there are other ways to read it. And because of those other ways to read it, the DC Circuit in Meijer said that means that it's ambiguous, and an ambiguous statute is one that does not have a clear statement. And so I think you don't have to be fully convinced that such matter means one thing or another. You just need to not be fully convinced that such matter is specific to the filing deadline. And I think that because we know that Congress, particularly with regard to tax statutes, has described them differently when it intends them to be specific to the filing deadline, that should be enough for this court to say that there was not a clear statement. Your Honor, if that was helpful for your question, I'd like to turn your attention to whether equitable tolling would be allowed in a circumstance where the statute were not jurisdictional, unless there are further questions on the jurisdictional issue. Thank you. The collection due process set up here is not one in which you would decide that jurisdiction or that the Irwin presumption had been rebutted. I would turn your attention to Henderson, which talked about whether the provision was set up to be unusually protective. And I think the provision here was, because you'll notice that as we've discussed, you have an administrative hearing followed by a right to petition the tax court if the administrative hearing does not go in the taxpayer's favor, which means that the taxpayer is guaranteed two bites at the apple because a levy is such a harsh penalty that we're looking to be particularly protective, which is why in Meyer, the D.C. Circuit said that tolling was available under that statute. And in fact, the whistleblower context should be much more protective because that's about awards and not about taking money away from the taxpayer. And so in this case, we want to make sure that the taxpayer are able to have access to what should be there for them. And remember that holding that the statute is jurisdictional or denying equitable tolling here would be very harsh because then in circumstances where the tax court thought that the taxpayer should be able to get in, they're unable to do so. And an example is Goralnik, where the tax court tied itself in knots to find a way to deem the petition timely because it thought that the statute was jurisdictional. Allowing equitable tolling would resolve that problem so that in allow tolling to happen. Why should we demand for equitable tolling, though, when there's no showing here that your client would be entitled to equitable tolling? And what I mean by that is it appears from the record he simply made a mistake as to the calculation. He thought it came from the time of delivery of the order versus the time of entry of the order. That's never there's no case that says that's sufficient for equitable tolling. Your Honor, the focus at the tax court was on whether it was jurisdictional because of the tax court's prior precedent. And so the tax court never addressed whether tolling would be appropriate. And generally, this circuit has said that whether tolling is appropriate should be decided in the first instance by the trier of fact, which is why we think that this circuit should, or this panel rather, should answer this question, particularly because it is a complex statutory issue that will likely come up again and where this court has somewhat confusing statements in the Hoffman case. Your client has the burden. I mean, it's not the burden of the other side to an absence of equitable tolling. Am I right that the only the only reason that's in the record is he just basically thought it was the time of delivery 30 days from the time of delivery versus the time of the order or something else? I might have missed something. No, Your Honor, Breslin PC's argument is based on mail delays, but because the tax court didn't have the opportunity to decide whether that might be equitable tolling worthy, we think that you should remand for the court to decide that. If there are no further questions on that, I'll reserve time for rebuttal. I just have one quick question. Isn't Ms. Beckler a lawyer? Yes, sir, she is. And shouldn't she be able to read the notice and count days? Yes, Your Honor, and she did read the notice and she counted days, but because of the mail delays that were pretty frequent in North Dakota at that time, she believes that there are reasons that the tax court might consider equitable tolling to be appropriate in this instance, even if a delay in equitable tolling. And that's why the Postal Service report was included in the record. Okay, so are you representing that there would be additional evidence that your client would want to introduce at the tax court on the equitable tolling, or are you representing that the record is complete on that? Your Honor, I think if she were given the opportunity to go back before the tax court, she might provide additional evidence about delays in the mail in North Dakota at that time. Thank you. Thank you. Ms. Bradley. Madam Clerk, are we having some difficulty with Ms. Bradley's video and audio? Yes, it appears she was frozen. She looks like she's leaving and hopefully will reconnect. Okay, we will wait. Ms. Bradley? Yes, my screen froze. That's okay. Judge, she is ready. She will continue just by telephone conference, so you will not have any video of her. All right. Ms. Bradley, we're prepared to hear your argument. I apologize for the technical difficulties, Your Honors. May it please the Court, Janice Bradley for the Commissioner of Internal Revenue. Section 6330D1, enacted 22 years ago, is the exclusive provision in the Internal Revenue Code conferring jurisdiction on the tax court to review collection due process determinations by the IRS Office of Appeals. There can be no doubt that Congress in Section 6330D1 made a clear statement that the 30-day time limit to file a petition is jurisdictional. First, the plain text expressly refers to the tax court's jurisdiction, and Congress expressly linked such jurisdiction to the time limit by placing it in the same 33-word sentence. Second, in recognition of existing case law pertaining to deficiency proceedings in the tax court, for over 100 years, the tax court has held that the time limit in that provision is jurisdictional. Subsequent to the Supreme Court ruling that the time limit is jurisdictional, we would also note that Congress would have undoubtedly been aware of the availability of a post-payment refund suit. Third, every circuit to have considered whether the time limit is jurisdictional, including this court in Houtman, has held that it is, and Congress has not sought to change that result. This court should reject Boekler's and the Amicus arguments for the same reason that the Ninth Circuit squarely rejected them in Dugan. The Ninth Circuit correctly applied the Supreme Court's clear statement rule to hold that the plain language of 6330D1 confers jurisdiction on the tax court only if a petition is filed within 30 days of a determination. To the extent that a divided panel of the D.C. Circuit and Myers held that the time limit for filing a whistleblower petition is not jurisdictional, we submit that decision is wrong, as pointed out by Judge Henderson in her clear statement rule, an analysis of the text, context, and history of 6330D1 demonstrates that the time limit is jurisdictional. First, as pointed out by the court a few minutes ago, Congress used language that speaks in jurisdictional terms by expressly using the word jurisdiction in the provision. Also, Congress placed that jurisdictional language in the same 33-word sentence as the time limit for filing a petition seeking review of the CDP determination. So, the link between the timeliness and the jurisdiction is proximate and explicit. There is no need, as Ms. Feinberg was arguing a few moments ago, that the court need to look to subsections preceding D1. D1 is the jurisdictional provision and it is not jurisdictional. Dugan applied the clear statement rule and the Ninth Circuit rejected the exact same arguments of the taxpayer and the amicus being made here. The court held that the provision expressly contemplates the tax court's jurisdiction since, quote, the filing deadline is given in the same breath as the granted jurisdiction. I have a question about you citing to the Ninth. They were addressing the very same provision that's at issue here, correct? That's correct, yes. We have the D.C. Circuit going a different way, but in the whistleblower context. The language is very, very similar between the two, but is there anything, what significance, if any, is the difference of the context? One being the context we're in here for this appeal and then the whistleblower context in the D.C. Circuit. Is that part of our analysis? Yes, your honor. The commissioner would agree that that is part of the analysis. In Myers, as you pointed out, it was involving a whistleblower provision, which is part of a scheme enacted in 2006 that authorizes payments to whistleblowers in certain circumstances, and the provision also gave the tax court exclusive jurisdiction to review these determinations. Here, by contrast, as you pointed out, section 6330 D.1 is part of a larger scheme of federal taxation and collection, which also involves an intricate scheme of other related time limits in the Internal Revenue Code for seeking judicial review. And in the whistleblower context, that whole larger scheme wasn't an issue. It's kind of a unique scheme where, again, in certain circumstances, it doesn't involve the taxpayer. It involves someone blowing the whistle on some other taxpayer and actually seeking an affirmative award from the government. So yes, your honor, you're correct in pointing out that the context in which these two cases arise are wholly distinguishable, and we still submit Myers was incorrectly decided, as Judge Henderson pointed out, but again, in the whistleblower context, it's a little unique since venue for such cases is generally just to the D.C. circuit. So this court obviously isn't bound by it, and those whistleblower cases would come back again to the D.C. circuit. So interestingly enough, as this court was discussing in the case ahead of me, its decision, which involved the Federal Tort Claim Act, here again, it's a distinguishable subject matter at issue, and the scheme here, as Mader held the Federal Tort Claim Act, isn't adversarial, not claimant friendly, as in Henderson. Here again, obviously, the C.D.P. proceedings would probably not be described as claimant friendly. So it's kind of a wholly different scheme here, and we strongly believe that the Ninth Circuit, again, who was by both the same amicus, a different taxpayer nonetheless, analyzed the statute and found that the plain language, the way you read it is that such matter refers, such matter singular refers both to the determination and the timeliness that's also in that provision. So the tax court's jurisdiction is conditioned upon the satisfaction of that 30-day deadline, and as the Ninth Circuit added, you know, the consistent history with respect to this 30-day deadline hasn't been disturbed by any court of appeal to have considered it, and indeed, you know, did. To the extent that counsel was trying to distinguish Hopman on a couple bases, I'd just like to point out... Before you go there, I just want to, you were talking about the statute, statutory language, and I don't want to leave that because I've been staring at it now for about the last, you know, 20 minutes, and such matter, I mean, I don't buy the fact that it, you know, that it relies on the things that were discussed during the IRS's determination, but it is potentially ambiguous as to whether it refers to the 30 days, such determination, or the petition for review, and whether all three of those things are jurisdictional. In other words, there's three things listed, and how do we know that jurisdiction over such matter actually refers to all three of them? To address your question, Your Honor, we think Judge Henderson did a good job in her dissent in Myers that it was explaining essentially the identical parenthetical, the parenthetical in the whistleblower statute and here are identical, and as the dissent pointed out by referring to various dictionaries, the reference to the word such was to the, you know, the preceding antecedents, which in this context would be the determination and the timeliness. And again, here, again, this is a review scheme with respect to CDP that has to deal with a by the tax court. Of course, there's always been, as here, the taxpayer could have paid the assessed penalties back that were at issue for, I believe it was the 2012 tax year, could always pay the tax and sue for a refund, but here, again, with respect to this prepayment determination, it only makes sense, and again, given that the plain language of the statute, that it's conditioned on both. Again, the, as Ms. Feinberg referenced, the tax court as well as three courts of appeals have addressed a somewhat similar, although not identical statute in, with respect to innocent spouse relief in section 6015, and there, the second, third, and fourth circuits, all when presented with virtually the identical arguments by taxpayers and by the amicus here, held that there the language was clear, explicit, unambiguous, that Congress based jurisdiction on both, on the timeliness. Three-minute warning. I'm sorry? Three-minute warning. Oh, I'm sorry. I don't have it on my screen. So, the government is strongly of the position that the time limit here is clearly stated as being a jurisdictional prerequisite to the tax court. Again, for, and since the enactment of the provision 22 years ago, all courts have agreed that it is jurisdictional, and we submit that it passes the muster under the Supreme Court's clear statement test here, and because the government argues that the time limit is subject to equitable tolling, which we would submit, it isn't, just given the subject matter of tax law and given obvious administrative concerns of the IRS, and at all events, even if it could be told here, it's quite clear the taxpayer hasn't satisfied the requirements. So, we respectfully request that this court affirm the decision of the tax court dismissing Fogler's petition for lack of jurisdiction. Thank you, your honors. Thank you, Ms. Bradley. We're glad you could get back on through the audio. We appreciate your argument. Does Ms. Feinberg have any rebuttal? I'll give you, we'll give you a full minute, Ms. Feinberg. Thank you. I would just like to remind the court that any ambiguity means that the statute is not jurisdictional, and here we know that Congress can speak clearly, as in the innocent spouse provisions, which, incidentally, is all that the Ninth Circuit relied on in reaching its conclusion. It said there was proximity, and that there were the innocent spouse provisions, but as we've addressed this issue, other cases that the government has pointed to either, one, involve unrelated timing issues, or two, are all about whether a notice of determination was necessary, which without a notice of determination, it's not clear what the court was reviewing. So, I think the important thing to remember here is that this statute is more protective of the taxpayer than the whistleblower provision that Meyer said was not jurisdictional. So, if this language was ambiguous in the whistleblower context, then as Meyer's acknowledged, it is here as well, and old precedents from before the Supreme Court's ruling or legislative history that's a little ambiguous as well is not enough to change the ambiguity and make it a clear statement. Thank you. Thank you. Thank you to both counsel. I will take the matter under advisement and issue an opinion in due course. Thank you both.